The opinion of the court was delivered by
Egan, J.
This is a proceeding by mandamus to compel the funding of certain bonds of the State of Louisiana, issued in aid of the Consolidated Association of the Planters of Louisiana, under article number 19 of 1828, and of certain interest coupons, amounting at the time of the application to $79,927 50. These bonds and coupons are of the same class and series with those in the case of Lesassier and Binder vs. the Board of Liquidation, decided by us in March last, and not yet reported. In obedience to the view taken by this court in that case, the Board was proceeding to fund the bonds, etc., in question in this case, and had actually taken all the preliminary steps for that purpose when they *1152 stopped, as we are informed, in consequence of their interpretation of a dictum and the opinion of the majority of the court in the case of the N. O. Pacific Railway Company vs. Francis T. Nicholls, Governor, et al., recently decided by us in New Orleans. We do not, however, consider this important under the view we have taken of the present case otherwise. In the Lesassier and Binder case we copied one of the bonds in the opinion, and it is unnecessary now to do so again. By reference to that case and to the act under which they were issued it will appear that the bonds in question are the absolute and unconditional promises of the State of Louisiana to pay the same, and that the State is the sole obligor in the bonds. They are signed by the Governor, Derbigny, and countersigned by the Treasurer, Gardere, on behalf of the State, in accordance with the terms of the act under which they were issued, and by no one else; and, as was said in the Lesassier and Binder case, whatever may be the relation between the'State and the association as between themselves, by no possible interpretation can the State be con.sidered any thing less or other than the principal, and indeed the sole obligor upon the bonds, as to the holders thereof.' The fact that the act made them transferable by the indorsement of the president and cashier of the association no more modified or changed the obligation of the State than if they had been drawn payable to bearer, or had been the obligations of any-individual or private person. Indeed, it is contended, and it appears with great show of reason, that the indorsement under the act by those officers for the mere purpose of transfer of title created no obligation on the part of the association, as appears to have been expressly decided by the Supreme Court of the United States in two similar cases quoted in the brief of relators’ counsel, to wit: Curran vs. Arkansas, 15 Howard, 317; and Chamberlain vs. St. Paul, 2 Otto, 300.
If the association is bound, it would seem to be not upon the bonds in question, but by virtue of a new and independent contract or obligation, assumed by it in favor of the holders, by way of guaranty of their payment, in order to give them greater currency and credit, no doubt, and which was not only assumed subsequent to the execution of the bonds by the State, but formed no part of this obligation, as will be seen by reference to the opinion in the Lesassier and Binder case, into which it also is copied. There is here no obligation by which the State binds herself for another already bound to satisfy the obligation in case that other does not. '• These are no accessory but original and principal obligations, not payable contingently, but absolutely and at all events. They are unquestioned and unquestionably debts of the State of Louisiana, possessing all the requisites and characteristics, as we held in the Lesassier and Binder case, which entitled them to be exchanged for con *1153 solidated bonds, under the provisions of the funding bill and its amendment. No distinction is made against them by the broad and general terms either of the act or of the constitutional amendment. By the third section of the original funding act it is provided that upon application by the holders new consolidated bonds “ shall be exchanged by the Board of Liquidation for all valid outstanding bonds of the State.” Those now under consideration are both valid and outstanding. The fact that they were at one time classed by the Auditor in his report as contingent liabilities of the State could not and does not change their form or obligation. Neither does the amount of issues of consolidated bonds provided for in the funding bill, of which it need only be remarked that if found insufficient that is a matter under legislative control, and, at all events, no such ground of defense is set up in the present case. So far as appears, and we are informed by the Auditor’s report and this record there is no obstacle on this score to the funding of the relators’ bonds and coupons. It has been argued with great earnestness that there are very marked distinctions between the bonds issued to the Consolidated Association and those issued to or on account of the Citizens’ Bank — a matter we are not called on to determine in this case, however.
The judgment below made the mandamus peremptory. It was correct, and is affirmed.